UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DELMAR GREENLEAF, et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-0269 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner, represented by counsel, who has filed a civil rights action under 42 U.S.C. § 1983.  Plaintiff's alleges defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  His complaint is before the court for screening.  Also before the court is plaintiff's application to proceed in forma pauperis.  For the reasons set forth below, the court will grant the motion to proceed in forma pauperis, and finds the complaint states potentially cognizable claims against only defendants Greenleaf, Abdur-Rahman, and Jones.  Plaintiff will be permitted to amend the complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

1

1  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

4  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

6  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

7  1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

**II.    Allegations of the Complaint**

Plaintiff is incarcerated at High Desert State Prison ("HDSP") in Susanville, California.  Plaintiff identifies the following defendants:  (1) Dr. Delmar Greenleaf; (2) Dr. Randall Lankford; (3) Dr. Salahuddin Abdur-Rahman; (4)  C. Lipton, R.N.; (5) L. Jones, R.N.; (6) Rouer, R.N.;[1] (7) Woodward, R.N.; (8) Dr. Paul Ludlow; (9) "POC," an unknown medical provider; (10) "OT Smith," an unknown medical provider and/or employee; and (11) Does 1 through 20.  All defendants are employees of the California Department of Corrections and Rehabilitation ("CDCR") at HDSP, with the exception of Dr. Ludlow, who provides medical care as an Ear, Nose, and Throat Specialist ("ENT") for prisoners at HDSP under contract with CDCR.  (Compl. (ECF No. 1) ¶¶ 6-16.)

Plaintiff alleges that on December 14, 2014, he was involved in an altercation on the yard at HDSP.  As a result of the altercation, plaintiff suffered injury to the left side of his face.  Plaintiff

---

[1] This defendant is also identified in the complaint as "Roeur."

contends that due to delays by defendants in treating his injuries, he was unable to have surgery because his bones had started to heal in the wrong place. As a result, plaintiff has a permanent deformity to his face, nerve damage, migraines, and constant and chronic pain on the left side of his face and his left eye.

### III.    Does Plaintiff state a Cognizable Eighth Amendment Claim?

#### A.  Eighth Amendment Standards

In order to state a claim under the Eighth Amendment regarding medical care, plaintiff must allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the claim) and that officials acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim). Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Thus, when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A viable Eighth Amendment medical claim, then, states two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to it with deliberate indifference. Farmer, 511 U.S. at 834. In general, a prisoner may show deliberate indifference with evidence that officials denied, delayed, or intentionally interfered with medical treatment, or he may show it by the way in which prison

officials actively provided medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights were violated by inadequate medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

**B. Analysis**

  **1. Plaintiff Fails to State Potentially Cognizable Claims against Some Defendants**

Most of plaintiff's allegations do not rise to the level of deliberate indifference. Plaintiff even characterizes what happened as a "multiple series of oversights." (Compl. ¶ 53.) Plaintiff's allegations against the following defendants are insufficient to state Eighth Amendment claims. Accordingly, the court will dismiss plaintiff's claims against those defendants and give plaintiff leave to amend.

Plaintiff alleges that defendants Lipton and Rouer were the first people to see him after his injuries. He states that they telephoned "POC," who instructed them to provide saw him Ibuprofen and ice packs and told him to return the following day. (Id. ¶¶ 20-22.) Plaintiff also alleges Lipton took him to the Correctional Treatment Center ("CTC") for x-rays. Plaintiff does not show that these defendants did anything besides follow instructions. This is insufficient to plead deliberate indifference on their part.

Similarly, plaintiff's allegations against defendant "OT Smith" are simply that Smith attempted to make an appointment for plaintiff with Dr. Ludlow. (Id. ¶¶ 39, 40.) That simple task does not demonstrate deliberate indifference on the part of Smith to plaintiff's serious medical needs.

With respect to defendant "POC," plaintiff does not allege what POC was told nor does plaintiff allege that POC's instructions to the nurses were unacceptable medical advice under the circumstances. (Id. ¶ 22.) Plaintiff's allegations against POC are insufficient to state an Eighth Amendment claim.

Plaintiff's allegations against defendant Dr. Lankford are also insufficient. Plaintiff alleges that Dr. Lankford added two notes to plaintiff's medical record – one indicating that plaintiff was scheduled for surgery and the second indicating the surgery was rescheduled. (Id. ¶¶ 34, 35.) Plaintiff also alleges generally that Lankford was "aware of plaintiff's medical condition and the need for plaintiff to see an ENT specialist." (Id. ¶ 54; see also id. ¶ 60.) However, plaintiff does not allege any facts showing what defendant Lankford knew about his injuries or otherwise how Lankford acted with deliberate indifference to plaintiff's serious medical needs. Accordingly, plaintiff's claims against defendant Lankford will also be dismissed from this action.

Plaintiff's only allegation against defendant Nurse Woodward is that Woodward, along with Greenleaf, signed the medical notes written upon plaintiff's return from the emergency room the day after he sustained his injuries. (Id. ¶ 28.) This is insufficient to show Woodward acted, or failed to act, with deliberate indifference.

Plaintiff's allegations against defendant Dr. Ludlow are unclear. Plaintiff cites medical record notes in which some prison staff wrote that Ludlow's office had lost the records of plaintiff's x-ray and CT scan, that Ludlow or his office informed the prison that plaintiff's appointment with him was not "Urgent or Emergent," and that Ludlow apparently was slow to review plaintiff's records and schedule an appointment. (Id. ¶¶ 38-40, 42-44.) However, any allegation that Dr. Ludlow was responsible for delay is belied by plaintiff's allegation that when he saw Ludlow on February 10, 2015, Ludlow expressed surprise that it had taken the prison so long to get plaintiff to him. (Id. ¶ 46.) On the facts alleged, the court finds plaintiff has failed to state a potentially cognizable claim of deliberate indifference against defendant Ludlow.

////

////

////

### 2. Plaintiff States Potentially Cognizable Claims against Greenleaf, Abdur-Rahman, and Jones

Plaintiff's allegations against the remaining defendants are sufficient, at the screening stage, to state potentially cognizable claims for a violation of plaintiff's Eighth Amendment rights. Plaintiff shows that defendant Greenleaf was aware, two days after plaintiff sustained his injuries, that plaintiff needed to see an ENT on an "emergent" basis. (Id. ¶ 29.)   Plaintiff also shows that defendant Abdur-Rahman was aware that day that plaintiff was "awaiting emergent ENT evaluation which is supposed to occur today." (Id. ¶ 31.)  Both Drs. Greenleaf and Abdur-Rahman either saw plaintiff or added notes to his medical records at least twice thereafter. (Id. ¶¶ 32, 37, 42, 45.)  They appeared to recognize the need for plaintiff to be seen by an ENT. However, plaintiff did not see an ENT until February 10, 2015, at which time he was told it was too late for surgery because his bones had started to heal. (Id. ¶ 46.)

Plaintiff's allegations against defendant Nurse Jones are also minimally sufficient to state a claim. Plaintiff shows Jones made numerous entries in plaintiff's medical record that demonstrate Jones' knowledge that plaintiff needed to see an ENT as quickly as possible. Plaintiff also alleges that Jones falsified information in his medical records to make it appear that they delay sending plaintiff to an ENT was attributable to Dr. Ludlow. (Id. ¶¶ 38-41.)

### 3. Doe Defendants

Plaintiff names twenty Doe defendants who he identifies as employees of HDSP. There is no provision in the Federal Rules of Civil Procedure for including unnamed defendants in a complaint. The use of Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). However, plaintiff must allege facts showing when, where, and how each Doe defendant violated his constitutional rights. See Addis v. Ariz. Dept. of Corrs., No. CV14-1115-PHX-DGC, 2015 WL 875233, at *3 (D. Ariz. Mar. 2, 2015). Plaintiff makes no allegations about what the Doe defendants have done. Therefore, plaintiff's claims against the Doe defendants will be dismissed.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) is granted;

2. Plaintiff's claims against the following defendants are dismissed with leave to amend: Lipton, Rouer, OT Smith, POC, Lankford, Woodward, Ludlow, and Does 1-20.

3. If plaintiff chooses to amend the complaint, he shall file a first amended complaint within thirty days of the filed date of this order.

Dated:  March 24, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/garc0269.scrn